IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRAVIS KELLER<br>16703 E. 3rd Street North<br>Independence, MO 64056<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER ROGER LANE<br>Independence Police Dept.<br>111 E. Maple Avenue<br>Independence, MO 64050<br><br>and<br><br>OFFICER JEFF PAGEL<br>Independence Police Dept.<br>111 E. Maple Avenue<br>Independence, MO 64050<br><br>and<br><br>OFFICER JOHN SYME<br>Independence Police Dept.<br>111 E. Maple Avenue<br>Independence, MO 64050<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Travis Keller, by and through undersigned counsel, and for his causes of action against Defendants for the deprivation of his constitutional rights, states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings his cause of action under 42 U.S.C. 1983 and 1988 for denial of his Fifth and Fourteenth Amendment rights for due process and protection from cruel and

1

unusual punishment. All these rights are guaranteed under the United States Constitution. Plaintiff also requests reasonable attorneys' fees under 42 U.S.C. 1988.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a).

3. The events described herein took place in Jackson County, Missouri. Hence, venue is proper within the Western District of Missouri under 28 U.S.C. §1391(b).

4. Plaintiff requests and demands a jury trial.

## PARTIES

5. Plaintiff Travis Keller was a resident of Jackson County, Missouri, at the time of the events described herein.

6. Plaintiff has the capacity to sue.

7. At all times mentioned herein, Defendant, Roger Lane, was an employee of the City of Independence Police Department, and at all times mentioned herein, acted within the course and scope of his employment with the City of Independence as a City Police Officer and was at all times at all times acting under color of law.

8. At all times mentioned herein, Defendant, Jeff Pagel, was an employee of the City of Independence Police Department, and at all times mentioned herein, acted within the course and scope of his employment with the City of Independence as a City Police Officer and was at all times at all times acting under color of law.

9. At all times mentioned herein, Defendant, John Syme, was an employee of the City of Independence Police Department, and at all times mentioned herein, acted within the course and scope of his employment with the City of Independence as a City Police Officer and was at all times at all times acting under color of law.

10. All Defendants are being sued in their individual and official capacities.

2

11. At all times mentioned herein, all Defendants acted under the color of law.

12. On December 14, 2010, Plaintiff Travis Keller was residing at the home of his grandparents, Gordon and Doris Douglas at 16703 E. 3rd Street North in Independence, Jackson County, Missouri.

13. At about 2:00 a.m., on December 14, 2010, Plaintiff experienced a seizure at the home and family members called 911 for ambulance and medical response.

14. In response to the call, Independence 911 dispatched police officers to 16703 E. 3rd Street North in Independence, Jackson County, Missouri. Officers found the Plaintiff in his bedroom in a convulsive state from his seizure. Plaintiff was unable to communicate with police officers because of his medical condition.

15. Plaintiff was found by police officers lying on his bed in the basement of the home. His eyes were open but Plaintiff was unable to answer any questions. When asked if he had taken any mediation, Plaintiff did not respond and shut his eyes.

16. Because Plaintiff was unresponsive to the questions from Defendant Police Officers, Defendant Lane gave Plaintiff a "sternum rub" to draw a response. At that point, Plaintiff opened his eyes and stated "stop it", then closed his eyes again. Defendant Lane then administered a second sternum rub which resulted in Plaintiff swinging his arm toward Defendant Lane.

17. Defendant Lane then grabbed Plaintiff in an attempt to restrain him and Plaintiff initially complied, and then became resistant. As Plaintiff resisted Defendant's restraint, Defendants Pagel and Syme assisted in handcuffing the Plaintiff.

18. After Plaintiff was handcuffed, Defendants applied leg shackles on Plaintiff and double locked the handcuffs.

19. While Plaintiff was handcuffed and leg shackled, Defendant Pagel used his department issued Taser X-26 to deploy "drive stuns" into Plaintiff's back.

20. Defendant Pagel, with the assistance of Defendants Syme and Lane, tasered the cuffed and shackled Plaintiff eight times. Plaintiff was then transferred to Truman Medical Center for treatment of the injuries he received from physical handling by the Defendants, including multiple taser usage.

21. Hospital staff and Truman Medical Center doctors confirmed that Plaintiff had experienced a seizure due to withdrawal from a prescribed medication, Benzodiazepine, that had been taken until a few days before his seizure episode and encounter with the Defendants.

22. Plaintiff experienced acute renal failure secondary to his tasering by the Defendants and also sustained physical injury to his face, neck and hands from the Defendants.

23. Plaintiff spent five days in the hospital for treatment of his acute renal failure, which included a surgical procedure for installation of a femoral hemodialysis temporary catheter. Plaintiff also sustained injury to his nose, face, and right and left shoulder and wrist strain from handling by the Defendants during his seizure.

24. Defendants filed charges against the Plaintiff for assault on a law enforcement officer, interfering with a police officer, and resisting arrest.

## COUNT I – DUE PROCESS DENIAL
## VIOLATIONS OF FIFTH AND FOURTEENTH AMENDMENTS

25. Plaintiff restates paragraphs 1 through 24 as if fully restated herein and incorporates them by reference.

26. The actions described herein by the Defendants of subjecting Plaintiff to severe punishment without due process of law is a violation of his right to due process as guaranteed by the Fifth and Fourteenth Amendments, and made actionable under §1983.

4

27. As a direct and proximate result of the acts of the Defendants, individually and collectively as described herein, Plaintiff suffered and sustained great embarrassment and public humiliation, mental anguish, as well as physical injury. Plaintiff continues to suffer nightmares of such acts.

28. The actions of the Defendants were taken in an intentional fashion, with Defendants knowing all the while that Plaintiff had the constitutionally protected rights not to:

    a. Be subjected to tasering while restrained in handcuffs and shackles;

    b. Be subjected to invasion of Plaintiff's rights of privacy, by coming into Plaintiff's home and causing injury to the Plaintiff without justification; and,

    c. Be subjected to physical abuse from the Defendants.

Such actions of the Defendants warrant and justify the assessment and award of punitive damages.

WHEREFORE, Plaintiff prays for judgment in Count I in his favor and against the named Defendants and requests the following relief:

    a. Compensatory damages as will fairly compensate Plaintiff for his injuries;

    b. Punitive damages in an amount that will fairly punish Defendants for their conduct;

    c. Reasonable attorney's fees and costs; and,

    d. Such other relief as the Court may find just and proper.

### COUNT II – EXCESSIVE FORCE
### FOURTH, FIFTH AND FOURTEEN AMENDMENTS

29. Plaintiff restates paragraphs 1 through 28 as if fully restated herein and incorporates them by reference.

30. Defendants Lane, Syme, and Pagel had no probable cause for believing Plaintiff had violated any law. Rather, Plaintiff's family had contacted the 911 dispatcher for medical emergency assistance, and had only requested an ambulance and EMT to assist the Plaintiff during his seizure. Plaintiff had committed no crime and had not been involved in any conduct that would warrant involvement by Officers Lane, Syme, or Pagel or the Independence Police Department.

31. Officers Lane, Syme and Pagel had wrongly assumed that Plaintiff was under the influence of an illegal drug, and proceeded to treat the Plaintiff harshly and with excessive force upon the belief that Plaintiff's conduct was due to his use of illegal drugs.

32. Defendants individually and collectively used excessive force upon Plaintiff by cuffing, shackling, and then tasering the Plaintiff eight times. In addition, Officer Pagel unnecessarily and excessively used force by positioning himself in a "high mount handcuffing" position and Officer Pagel was sitting on the Plaintiff's back with his knees while using upward force on the forearms to gain control of the Plaintiff through "pain compliance". Each time the Plaintiff attempted to relieve his pain by throwing his head and shoulders back, Officer Page applied more pressure with the intent to "gain pain compliance". Officer Pagel utilized this method of pain compliance for approximately 15 minutes during a time that Plaintiff was in the midst of a withdrawal seizure and was unable to understand or follow the directives of the police officers due to his medical condition.

33. Defendants individually and collectively used excessive force on the Plaintiff by holding the Plaintiff down, secured by cuffs and leg shackles, and use of taser deployment, causing serious injury to the Plaintiff and resulting in his hospitalization for acute renal failure.

34. To cover up their illegal and unlawful acts, Defendants then initiated criminal charges against the Plaintiff for assaulting a law enforcement officer, interfering with a police officer, and resisting arrest. These charges were filed against Plaintiff in an attempt to dissuade Plaintiff from initiating any civil action against Defendants for their wrongful conduct.

35. The acts described above are acts of excessive force. Each Defendant and all of the officers present knew that such acts were actions of excessive force and violative of Plaintiff's constitutional rights. Despite knowing such acts, Defendants violated Plaintiff's constitutional rights. They each, individually and collectively engaged in such acts with no justifiable or reasonable cause.

36. As a direct and proximate result of Defendant's actions, both individually and collectively as described herein, Plaintiffs suffered physical and mental injury.

37. The actions of the Defendants were taken in an intentional fashion, with Defendants knowing that Plaintiff had the constitutionally protective right not to be subjected to physical abuse. Accordingly the actions of the Defendants warrant and justify the assessment and award of punitive damages.

WHEREFORE, Plaintiff prays for judgment in Count II in his favor and against the named Defendants and requests the following relief:

    a. Compensatory damages as will fairly compensate Plaintiff for his injuries;

    b. Punitive damages in an amount that will fairly punish Defendants for their conduct;

    c. Reasonable attorney's fees and costs; and,

    d. Such other relief as the Court may fine just and proper.

SCHAFFER, McINTOSH & EFFERTZ

　　　/s/ Steven C. Effertz　　　　　
STEVEN C. EFFERTZ　　　　#27780
14701 E. 42nd Street
Independence, MO  64055
(816) 373-5590
(816) 373-2112 (FAX)
steve@smelawfirm.com
*ATTORNEY FOR PLAINTIFF*

8